```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
|   Plaintiff, | |
| vs. | No. 95-20008-02-Ml |
| LATONIA LEE, | |
|   Defendant. | |

## ORDER DENYING IRREGULAR MOTIONS

On October 22, 2004, defendant Latonia Lee, Bureau of Prisons inmate registration number 15024-076, an inmate at the Federal Correctional Institution in Memphis, Tennessee, filed a motion in his closed criminal case, entitled "Motion Pursuant to 18 U.S.C. § 3582(c)(1)(i) & (2) Requesting Modification of Sentence," which requests a reduction in his sentence in light of the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004). On December 30, 2005, Lee filed two additional motions. The first, entitled "Motion for Booker Relief," seeks a reduction in his sentence in light of the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). The second, entitled "Motion to Preserve Rights," seeks to preserve his right to file a timely motion pursuant to 28 U.S.C. § 2255, in light of Dodd v. United States, 125 S. Ct. 2478 (2005), in the event the Supreme Court declares Booker to be retroactive.

On January 19, 1995, a federal grand jury returned a single-count indictment charging Lee and a codefendant with possession of approximately 108 grams of cocaine base with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Lee appeared before this judge on March 27, 1995 to plead guilty to the indictment. The Court conducted a sentencing hearing on June 22, 1995, at which time Lee was sentenced as a career criminal to two hundred seventy-six (276) months imprisonment, to be followed by a five-year period of supervised release. Judgment was entered on June 27, 1995. Lee did not file a timely notice of appeal.

On August 21, 1995, Lee filed a motion seeking to reinstate his appeal rights. The Court issued an order on September 22, 1995 directing that the motion be filed as a motion pursuant to 28 U.S.C. § 2255 and directing the Government to respond. The Court issued an order on January 28, 1997 denying the motion and denying a certificate of appealability. Lee v. United States, No. 95-2739-Ml/A (W.D. Tenn.). Judgment was entered on January 29, 1997. Lee did not appeal.

On January 7, 1998, Lee filed a second § 2255 motion. The Court issued an order on January 26, 1998 transferring the motion to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3). Lee v. United States, No. 98-2017-Ml/A (W.D. Tenn.).

On September 13, 2000, Lee filed a third § 2255 motion. The Court issued an order on September 28, 2000 transferring the

motion to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3). <u>Lee v. United States</u>, No. 00-2851-Ml/V (W.D. Tenn.). The Sixth Circuit denied the application for leave to file another § 2255 motion on March 16, 2001. <u>In re Lee</u>, No. 00-6339 (6th Cir. Mar. 16, 2001).

In the instant motions, Lee seeks a new sentencing hearing in light of <u>Blakely</u> and <u>Booker</u>.

Although Lee cites 18 U.S.C. § 3582(c) in support of his motion, the Sentencing Reform Act of 1984 places strict limits on a court's power to modify a federal sentence. Eighteen U.S.C. § 3582(c) states as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1)  in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-
>
> (i)  extraordinary and compelling reasons warrant such a reduction;
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

>      (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

None of the provisions of 18 U.S.C. § 3582(c) are applicable here. The Director of the BOP has not moved for a reduction of the defendant's sentence pursuant to § 3582(c)(1)(A). Neither Fed. R. Crim. P. 35, nor any federal statute, authorizes the Court to modify Lee's sentence pursuant to § 3582(c)(1)(B). Finally, the Sentencing Commission has not lowered the applicable Sentencing Range pursuant to 28 U.S.C. § 994(o), so as to bring this case within § 3582(c)(2). Nothing in 18 U.S.C. § 3582(c) authorizes a defendant to move the sentencing court for a modification of his sentence pursuant to a new Supreme Court decision. Accordingly, the Court DENIES the motions for modification of the defendant's sentence pursuant to the decisions in <u>Blakely</u> and <u>Booker</u>.

In the final motion filed on December 30, 2005, Lee acknowledges that, under current court decisions, the decision in <u>Booker</u> is not retroactive. However, he asserts that the filing of

4

a criminal motion will preserve his right to file another timely § 2255 motion in the event Booker is later made retroactive. Lee relies on Dodd v. United States, 125 S. Ct. 2478 (2005), which held that the one-year limitations period applicable to § 2255 motions commences to run on the date on which the Supreme Court "initially recognized" the right asserted in the motion, rather than the date on which the right is "made retroctiv[e]." Dodd did not encourage prisoners to file motions in their criminal cases preserving their rights to file successive § 2255 motions. Moreover, pursuant to Castro v. United States, 540 U.S. 375 (2003); Martin v. Perez, 319 F.3d 799, 805 (6th Cir. 2003); and In re Shelton, 295 F.3d 620, 622 (6th Cir. 2002), it would be inappropriate for the Court, at any subsequent date, to construe the defendant's criminal motions as a § 2255 motion. Accordingly, defendant's motion to preserve rights is DENIED.

   As no reasonable jurist could disagree that this Court is without jurisdiction to grant the relief sought by the defendant, it is CERTIFIED, pursuant to Fed. R. App. 24(a) that any appeal in this matter by defendant, proceeding in forma pauperis, is not taken in good faith.

   IT IS SO ORDERED this 31st day of January, 2006.

   /s/ Jon P. McCalla
   JON PHIPPS McCALLA
   UNITED STATES DISTRICT JUDGE

5